IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Luis B. Rivera-Nazario, *et. al.*,

**Plaintiffs,**

v.

Coporación del Fondo del Seguro, *et. al.*,

**Defendants.**

CIVIL NO. 14-1533 (JAG)

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Presently before the Court is a motion to dismiss the state law Commonwealth of Puerto Rico claims against Co-Defendants, Dr. Maria I. Lastra-Gonzalez ("Lastra-González"), Dr. Lorena Diaz-Trancón ("Díaz-Trancón"), Jose Colón-Grau ("Colón-Grau"), and Dr. Sheila Rivera-Serrano ("Rivera-Serrano") (collectively, "Co-Defendants"). Docket No. 100. In their motion, Co-Defendants assert that because all of the federal causes of action against them have been dismissed, the Court should decline to exercise its supplemental jurisdiction and dismiss the remaining state law claims against them, without prejudice.[1]  *Id.* at 3. Plaintiffs oppose Co-Defendant's motion to dismiss by arguing that: (1) federal jurisdiction remains; and (2) to the extent that Co-Defendants' motion seeks dismissal for failure to state a claim, it should be stricken due to Co-Defendants' failure to raise the issue in previous motions to dismiss. Docket

---

[1] In the alternative, Co-Defendants argue that the state law claims against them should be dismissed due to Plaintiff's failure to adequately plead. Docket No. 6-11. Because the Court finds that sufficient grounds exist to decline supplemental jurisdiction over these claims, it will not consider this argument.

No. 105. In their reply, Co-Defendants counter by claiming that: (1) Plaintiffs failed to point to any federal claim still remaining against Co-Defendants; and (2) Co-Defendants have not waived their right to seek dismissal of the remaining state law claims and may ask the Court to decline supplemental jurisdiction over the remaining state law claims. Docket No. 3-4. For the reasons set forth below, Co-Defendants' motion to dismiss is GRANTED, and Plaintiffs' Motion to Strike is DENIED.

## PROCEDURAL BACKGROUND

On September 16, 2014, a group of licensed chiropractors and chiropractic clinics filed a suit against Corporación del Fondo del Seguro del Estado ("CFSE") and several CFSE directors and officials[2] (collectively, "Defendants") alleging violations of federal antitrust laws, the U.S. Constitution, and Puerto Rico law. Docket No. 28. Specifically, Plaintiffs alleged claims arising under: (1) Sections 1 and 2 of the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. §§ 1-7. *et seq.*; (2) Due Process and Equal Protection Clauses of the United States and Puerto Rico Constitutions, U.S. Const., amend. XIV, § 1 and P.R. Laws Ann. tit. 1, Art. II, § 7; (3) First Amendment of the United States Constitution, U.S. Const., amend. 1; (4) Contract Clause of the United States and Puerto Rico Constitutions, U.S. Const., Art. 1, § 10 and P.R. Laws Ann. tit. 1, Art. II, § 7; and (5) Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141. *Id.*

---

[2] These officials are: Liza M. Estrada ("Estrada") in her official capacity as Administrator of CFSE; Sheila Rivera-Serrano ("Rivera-Serrano") in her personal and official capacity as Director of the CFSE Medical Area; Maria I. Lastra-González ("Lastra-Gonzalez") in her personal and official capacity as Medical Director at the CFSE Bayamón Regional Office; Jose Colón-Grau ("Colón-Grau") in his personal and official capacity as an External Advisor; and Lorena Díaz-Trancón ("Díaz-Trancón") in her personal and official capacity as a Type VII Internal Medical Council of CFSE.

On September 9, 2015, the Court dismissed *with prejudice* Plaintiffs' substantive due process, equal protection, and contract clause claims against all Defendants. Docket No. 77 at 35. In addition, the Court dismissed *with prejudice* Plaintiffs' First Amendment retaliation claim as to Co-Defendants, but denied Defendants' Motion to Dismiss Plaintiffs' First Amendment claim as to the CFSE and Defendant Estrada. *Id.* Specifically, with respect to Plaintiff's state law claims, the Court stated the following:

> The parties did not address the merits of Plaintiffs' state law claims. . . . Instead, Defendants only asked this Court to refuse to exercise its supplemental jurisdiction over such claims. . . . Since there are still federal claims pending, the Court will not dismiss Plaintiffs' state law claims at this moment and will not address their merits without proper briefing.

*Id.* (citations omitted). Finally, the Court denied Defendants' Motions to Dismiss Plaintiffs' Sherman Act claims *without prejudice*, but gave them an additional opportunity to refile a new motion complying with certain Court-ordered specifications. *Id.*

On December 29, 2015, after Defendants filed a renewed Motion to Dismiss Plaintiffs' claims under the Sherman Act, Plaintiff's Sherman Act claims were dismissed *with prejudice.* Docket No. 89 at 19. At the end of its Opinion and Order, the Court unequivocally stated: "The only remaining claims in this case are Plaintiffs' First Amendment retaliation claims against Defendant the CFSE and Defendant Estrada; and Plaintiffs' Puerto Rico law claims against all Defendants." *Id.* On January 13, 2016, Co-Defendants filed the present motion before the Court seeking dismissal of the remaining state law claims against them. Docket No. 89.

## ANALYSIS

In this case, the record clearly indicates that all of the federal claims against Co-Defendants have been dismissed. Indeed, the only remaining federal claim in this action is a First Amendment retaliation claim against Defendant the CFSE and Defendant Estrada for allegedly revoking "already approved chiropractic services agreements just a few days after plaintiffs filed their original complaint." Docket No. 28 at 51. Although this claim had also originally been asserted against Co-Defendants, the Court dismissed that cause of action by holding that "the Amended Complaint failed to link Defendants Lastra-Gonzalez, Díaz-Trancón, Rivera-Serrano, and Colón-Grau ["Co-Defendants"] to any actionable conduct that could potentially violate the First Amendment." Docket No. 77 at 30. Presently, Plaintiffs' only state law claim pending against Co-Defendants is articulated in Count VI of the Amended Complaint, wherein Plaintiffs allege that Co-Defendants violated Article 1802 of the Puerto Rico Negligence Statute by failing to comply with Puerto Rico Act Nos. 45 and 194. Docket No. 28 at 51-53. Plaintiffs claim Co-Defendants "have failed to comply with [their] legal duty under Act. No. 45 to provide the best and fastest treatment that medical science is able to offer and the best and most advanced techniques that have been developed." *Id.* at ¶ 166. Plaintiffs also claim Co-Defendants "have failed to comply with Act. No. 194, which insures that every patient has the right to choose and have access to chiropractic services." *Id.* at ¶ 167. Therefore, the question before the Court is whether the Court should decline supplemental jurisdiction over Plaintiffs' remaining state law negligence claim against Co-Defendants.

"A federal court exercising original jurisdiction over federal claims also has 'supplemental jurisdiction over all other claims that are so related to the claims in the action within such

Civil No. 14-1533 (JAG) 5

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.' If, however, the court dismisses the foundational federal claims, it must reassess its jurisdiction, this time engaging in a pragmatic and case-specific evaluation of a variety of considerations that may bear on the issue." *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (citing 28 U.S.C. § 1367(a)). "Where a federal court has dismissed the anchoring federal claims over which it has original jurisdiction, the court 'may decline to exercise supplemental jurisdiction' over the remaining state law claims." *Desjardins v. Willard*, 777 F.3d 43, 45 (1st Cir. 2015) (quoting 28 U.S.C. § 1367(c)(3)). Whether a court should decline supplemental jurisdiction depends on a variety of considerations, including "the interests of fairness, judicial economy, convenience, and comity." *Id.* (quoting *Camelio*, 137 F.3d at 672). "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995). Furthermore, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law" in state tribunals. *Camelio*, 137 F.3d at 672 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

In this case, a variety of factors weigh against the Court's retention of the state law claims asserted against Co-Defendants.[3] First, the Court has dismissed all federal claims against

---

[3] Plaintiffs counter that the Court should not dismiss its state law claims because there still exists a federal claim in this action. Docket No. 105 at 6. However, this does not end the matter. First, Plaintiffs fail to address whether Plaintiffs' state law claims are "so related [to their remaining federal claim] that they form part of the same case or

Civil No. 14-1533 (JAG)                                                                                                    6

Co-Defendants well before trial. The only remaining federal claim in this action, or anchoring claim to which supplemental jurisdiction would attach, involves a First Amendment retaliation claim against the CFSE and Defendant Estrada for allegedly terminating already-approved existing contracts days after Plaintiffs filed this lawsuit. Docket No. 28 at 51. Because this Court previously found that the Amended Complaint failed to link Co-Defendants to any actionable conduct related to the First Amendment violation, it would make little sense for this Court to exercise supplemental jurisdiction over state law negligence violations that are, at best, indirectly related to the underlying anchoring dispute.

Second, the remaining state law allegations against Co-Defendants involve issues of local law, which have not been described or litigated beyond what is contained in Plaintiffs' Amended Complaint. Accordingly, such issues are better left for resolution in state tribunals. *Desjardins v. Willard*, 777 F.3d 43, 46 (1st Cir. 2015) ("In the words of the Supreme Court, '[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'") (citing *Camelio*, 137 F.3d at 672) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, (1966)).

---

controversy under Article III of the United States Constitution," as required for this Court to have supplemental jurisdiction under 28 U.S.C. § 1367(a).

Second, assuming, *arguendo*, that Plaintiffs' state law claims do meet the aforementioned test—an issue that the parties did not adequately brief, and that this Court does not decide—a federal court has discretion in deciding to exercise supplemental jurisdiction over pendent parties. *See Golas v. HomeView Inc.*, 106 F.3d 1, 3 (1st Cir. 1997) ("Federal courts have traditionally been more reluctant to exercise jurisdiction over pendent parties than over pendent claims . . . . The codification of the supplemental jurisdiction doctrine in 1990, which makes clear that such jurisdiction includes the joinder of additional parties, 28 U.S.C. § 1367(a), does not change the prudential analysis."); *see also* 28 U.S.C. § 1367(c)(4) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . there are other compelling reasons for declining jurisdiction."). Thus, even assuming that supplemental jurisdiction exists under § 1367(a), for the reasons that follow, this Court exercises its discretion to decline to exercise pendent party jurisdiction over Plaintiffs' remaining state law claims against co-Defendants.

Third, when considering whether to exercise supplemental jurisdiction, there is a heavy presumption that when there has been an unfavorable disposition of a plaintiff's federal claims against defendants well before trial—as is the case here—dismissal without prejudice of any supplemental state-law claims is appropriate. *See Rodriguez*, 57 F.3d at 1177. In this case, the docket reveals that the Court is just finishing resolving motions to dismiss and that trial is far from sight.

Taking into account the variety of considerations when determining whether to exercise supplemental jurisdiction, including "the interests of fairness, judicial economy, convenience, and comity," the Court concludes that each of these factors weighs against retaining jurisdiction. At this juncture, it would not seem fair, judicially efficient, or convenient to continue to subject Co-Defendants to protracted litigation for supplemental state-law claims that have almost no bearing on the anchoring First Amendment retaliation claim against two other defendants. Having had all of their other claims against Co-Defendants dismissed by this Court, Plaintiffs may now choose whether they deem it appropriate to continue their supplemental Puerto Rico law claims against Co-Defendants in a court that deals solely with issues of Puerto Rico law.[4]

---

[4] Plaintiffs argue that "[t]he Court should strike any parts of Defendants' Motion which could have been raised earlier" since Co-Defendants already filed a 12(b) Motion to Dismiss on October 6, 2014. Docket No. 105 at 3-6. They also argue that the Court should deny Co-Defendants' contention that Plaintiffs' state law claims should be dismissed for lack of jurisdiction because Co-Defendants fail to adequately support this argument. *Id.* at 6. The Court disagrees with both conclusions. A defense based on lack of subject matter jurisdiction is never waived, and can even be raised sua sponte by the Court. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3). Accordingly, since the Court's holding is based on jurisdictional grounds, it is irrelevant whether Co-Defendants' arguments are adequately supported or could have been raised sooner.

Civil No. 14-1533 (JAG) 8

## CONCLUSION

For the reasons stated above, Co-Defendant's motion to dismiss, Docket No. 100, is GRANTED, and Plaintiffs' Motion to Strike, Docket No. 105, is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of September, 2016.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge